USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/13/2017

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------- X
UNITED STATES OF AMERICA,

    -against-

OCTAVIO FRIAS,

           Defendant.

------------------------------- X

No. 01 Cr. 307 (JFK)
**MEMORANDUM OPINION
& ORDER**

**JOHN F. KEENAN**, United States District Judge:

    On March 12, 2003, a jury convicted Octavio Frias on one count of conspiracy to commit murder in relation to a drug trafficking offense, in violation of 21 U.S.C. § 848(e)(1)(A). On January 4, 2006, in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), Frias was resentenced principally to a term of life imprisonment. Frias now moves, pro se, for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the United States Sentencing Commission Guidelines Manual (the "Guidelines" or "U.S.S.G."). For the reasons stated below, Frias' motion is denied.

**I. Background**

    Frias was initially sentenced in 2004 to a term of life imprisonment. See United States v. Frias, 521 F.3d 229, 231 (2d Cir. 2008). In 2005, the Second Circuit remanded for

resentencing in light of the Supreme Court's decision in Booker. See id.

Under the Guidelines, Frias' base offense level for violating § 848(e)(1)(A) was—and remains—43. See U.S.S.G. § 2A1.1(a) (2002); U.S.S.G. § 2A1.1(a) (2005); U.S.S.G. § 2A1.1(a) (2016); see also United States v. Maldonado, No. 09 Cr. 339-02, 2012 WL 5878673, at *7 (S.D.N.Y. Nov. 21, 2012). Frias' sentencing range under the Guidelines was determined to be life imprisonment, based on a Total Offense Level of 43 and a Criminal History Category of I. (See Amended Pre-Sentence Investigation Report ¶¶ 27, 34 (July 13, 2004).) Accordingly, on January 4, 2006, the Court sentenced Frias to a term of life imprisonment. (Sent. Tr. at 14:24-15:1 (Jan. 4, 2006).)

On November 1, 2014, the United States Sentencing Commission (the "Sentencing Commission") adopted Amendment 782 to the Guidelines, which retroactively reduced by two levels certain base offense levels in the Drug Quantity Table in § 2D1.1. See U.S.S.G. Supp. to App. C, amend. 782 (2014).

## II. Discussion

Under certain circumstances, the Court may reduce a defendant's term of imprisonment if the defendant's sentencing range has been subsequently lowered by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2). In considering a motion

under § 3582(c)(2), the Court follows a two-step inquiry. See Dillon v. United States, 560 U.S. 817, 826-27 (2010). First, the Court must establish that the defendant is eligible for a sentence reduction by determining what the defendant's sentencing range would have been "had the relevant amendment been in effect at the time of the initial sentencing." Id. at 827; see also U.S.S.G. § 1B1.10(a)(2)(B) (2016) (sentence reduction not authorized under § 3582(c)(2) if an amendment "does not have the effect of lowering the defendant's applicable guideline range"). Then, if the defendant is eligible for a sentence reduction, the Court must consider "any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case." Dillon, 560 U.S. at 827.

Frias is ineligible for a reduction under the first step of the Dillon inquiry. "[F]or a defendant to be eligible for a reduction, the amended Sentencing Guidelines range must be lower than the range that was applied at sentencing." United States v. Cordero, 01 Cr. 74 (PAC), 2017 WL 3037401, at *2 (S.D.N.Y. July 18, 2017) (quoting United States v. Salinas-Doria, 114 F. Supp. 3d 142, 143 (S.D.N.Y. 2015)); see also U.S.S.G. § 1B1.10(a)(2)(B) (2016). Even if Amendment 782 had been in

3

effect at the time of his sentencing, Frias' Guidelines sentencing range would not have been lower; "it was the [conspiracy to commit] murder he was charged with, not any drug quantity, that dictated calculation of his base offense level at 43." Id. Accordingly, the Court lacks the authority to reduce Frias' sentence.

## Conclusion

For the reasons above, Frias' motion is DENIED. The Clerk of the Court is respectfully directed to terminate the motion docketed at ECF No. 136.

**SO ORDERED.**

Dated:   New York, New York
        October 12, 2017

_____
John F. Keenan
United States District Judge