```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA            :
                                    :
      -against-                     :        No. 01 Cr. 307 (JFK)
                                    :
OCTAVIO FRIAS,                      :        **OPINION & ORDER**
                                    :
                   Defendant.       :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/26/22

APPEARANCES

FOR DEFENDANT OCTAVIO FRIAS:
    Pro Se

FOR THE UNITED STATES OF AMERICA:
    Adam S. Hobson
    U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge:**

Before the Court is pro se Defendant Octavio Frias's

("Frias") motion for reconsideration ("Motion") of the Court's

October 14, 2020, Opinion & Order ("October 14 Opinion") denying

his motion for compassionate release pursuant to the First Step

Act, 18 U.S.C. § 3582(c)(1)(A).  For the reasons set forth

below, the Motion is DENIED.

**I. Background**

The Court assumes familiarity with the underlying facts of

this case, which are set out in greater detail in the October 14

Opinion.[1]  See Frias, 2020 WL 6058067, at *1.  As relevant here,

---

[1] Unless otherwise noted, the facts in this opinion are taken from the
materials submitted by the parties, Frias's Amended Presentence
Investigation Report, the transcript of Frias's January 4, 2006
resentencing, and the Court's October 14 Opinion.  See United States

1

on March 12, 2003, Frias was convicted by a jury of one count of conspiring to commit murder in relation to a drug trafficking offense, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2.  The charge stemmed from Frias's participation in the premeditated contract-killing of Mario Lobo, the co-owner of a Manhattan restaurant that doubled as an illegal gambling front. Lobo and the other co-owner of the restaurant, Robert Martinez-Martinez ("Martinez-Martinez"), were large-scale drug dealers. Frias was employed as the night manager of the restaurant and directly participated in the narcotics and gambling operations run by Martinez-Martinez and Lobo.  When the relationship between the co-owners soured over Lobo's personal gambling loses, Martinez-Martinez directed Frias to have Lobo killed.

Frias, who personally disliked Lobo, followed through on the order with alacrity.  He hired a crew of contract killers and on September 21, 1991, he took the hitmen to a restaurant where he knew Lobo was eating dinner.  Frias then walked into the restaurant, identified Lobo for the hitmen, and walked out as Lobo was shot in the back of the head.  Approximately ten years later, Frias was arrested.  The jury deliberated for an hour and a half before returning its guilty verdict on the single count indictment.

---

v. Frias, No. 01 Cr. 307 (JFK), 2020 WL 6058067, at *1 (S.D.N.Y. Oct. 14, 2020).

On July 1, 2004, the Court sentenced Frias to a term of life imprisonment.  By Summary Order dated September 28, 2005, the Court of Appeals for the Second Circuit affirmed Frias's judgment of conviction but remanded the case for the limited purpose of resentencing in light of United States v. Booker, 543 U.S. 220 (2005).  Following a hearing on January 4, 2006, the Court again sentenced Frias to life imprisonment, which the Second Circuit affirmed on March 31, 2008.  To date, Frias has served approximately 21 years of his life sentence.

On August 11, 2020, Frias filed a pro se motion requesting a reduction in his sentence and his immediate release due to the COVID-19 pandemic.  Specifically, Frias argued that he suffers from certain medical conditions that render him particular vulnerable to COVID-19, including lung disease, hypertension, coronary artery disease, and high cholesterol.  The Government opposed Frias's request.  By Opinion and Order dated October 14, 2020, the Court denied Frias's motion, concluding that "even if Frias could demonstrate that his age, health risks, and the COVID-19 pandemic provide extraordinary and compelling reasons for a sentence reduction, application of the 3553(a) factors cripples his request and outweighs any justification for early-release."  Frias, 2020 WL 6058067, at *3.

On June 8, 2022, Frias filed the instant Motion, which he characterizes as a "renewed" motion for compassionate release.

3

(ECF No. 150.)  In the Motion, Frias argues that the sentencing factors of § 3553(a) now weigh in his favor.  Specifically, he contends that the Court should "reconsider" its analysis under § 3553(a) because (1) he has rehabilitated himself while in prison, (2) he has "maintained close relationships with his family and friends," and (3) his life sentence is disproportionate to the sentences of similarly situated defendants.  (Id.)  Due to the nature of Frias's claims, the Court construes the Motion as a motion for reconsideration.  See United States v. Coll, No. 15 Cr. 360 (LAP), 2021 WL 791187, at *1 (S.D.N.Y. Mar. 1, 2021).

    II.Discussion

        A. Legal Standard

    A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking 'a second bite at the apple.'"  Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)); see also United States v. Lisi, No. 15 Cr. 457 (KPF), 2020 WL 1331955, at *2 (S.D.N.Y. Mar. 23, 2020) ("The standards for reconsideration among the civil and criminal rules are largely the same."). Indeed "[r]econsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests

4

of finality and conservation of scarce judicial resources.'" In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). "To warrant reconsideration, the moving party bears the heavy burden of showing 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" United States v. Bryant, No. 06 Cr. 17 (LTS), 2021 WL 22608, at *1 (S.D.N.Y. Jan. 4, 2021) (quoting Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)); see also United States v. Riley, No. 13 Cr. 339 (RPP), 2014 WL 774630, at *1 (S.D.N.Y. Feb. 27, 2014) (explaining that a motion for reconsideration must point to "matters . . . that might reasonably be expected to alter the conclusion reached by the court" (internal quotation marks omitted)).

### B. Analysis

Frias has failed to meet the standard for this extraordinary remedy.  In his Motion, Frias does not identify any change in controlling law or newly discovered evidence that "might reasonably be expected to alter" the Court's conclusion that the § 3553(a) factors weigh decisively against his release. Riley, 2014 WL 774630, at *1; see also Lisi, 2020 WL 1331955, at *2 (noting defendant challenging court's prior § 3553(a)

analysis must "point to controlling decisions or data that reasonably could alter the Court's analysis of [the § 3553(a)] factors").  Frias's efforts at rehabilitation, his close family relationships, and the severity of his sentence do not justify a modification of his sentence.  As the Court noted in its October 14 Opinion, the § 3553(a) factors that weigh in Frias's favor, such as the need to provide necessary medical care, "are overshadowed by the combined force of 'the nature and circumstances of the offense' and the need for the sentence imposed to 'reflect the seriousness of the offense,' 'promote respect for the law,' 'provide just punishment for the offense,' 'afford adequate deterrence to criminal conduct,' and 'protect the public from further crimes of the defendant.'"  Frias, 2020 WL 6058067, at *3 (quoting 18 U.S.C § 3553(a)).  Frias's offense conduct remains "among the most serious and reprehensible the Court has ever encountered[.]"  Id.  At the behest of his drug-dealer boss, Frias organized a brutal and brazen murder in a New York City restaurant.  Id.  He hired the hitmen, took them to the victim, and paid for their travel expenses after the job was complete.  See United States v. Frias, 521 F.3d 229, 231 (2d Cir. 2008).  For the reasons the Court explained in detail during Frias's resentencing, which are incorporated here by reference, the Court concludes that any modification to Frias's term of imprisonment would be inconsistent with the sentencing

6

factors set forth in 18 U.S.C. § 3553(a).  See United States v. Marmolejos, No. 99 Cr. 1048 (DC), 2021 WL 3862851, at *5 (S.D.N.Y. Aug. 30, 2021) (concluding that despite defendant's rehabilitation and family circumstances, "§ 3553(a) factors, primarily the 'nature and circumstances' of [the] offense[], weigh against" modifying the defendant's life sentence for conspiracy to commit murder-for-hire (quoting 18 U.S.C § 3553(a)); see also United States v. Gunn, No. 06 Cr. 911 (AKH), 2022 WL 2077971, at *6 (S.D.N.Y. June 9, 2022) (concluding that modification of defendant's life sentence would "be unfaithful to § 3553(a)" where defendant "directly helped plan and carry out an attempted robbery knowing that [his] codefendant [] intended to commit murder").

**III. Conclusion**

For the foregoing reasons, Frias's motion for reconsideration (ECF No. 150) is DENIED.  See United States v. Keitt, 21 F.4th 67, 69 (2d Cir. 2021) ("[W]hen a district court denies a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction.").  The Clerk of Court is respectfully directed to terminate ECF No. 150.  The Court will mail a copy of this Opinion and Order to Frias.

**SO ORDERED.**

Dated:   New York, New York
         August 2, 2022

                                  John F. Keenan
                           United States District Judge

8