```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
UNITED STATES OF AMERICA                  :
                                          :
            -v-                           :     01-cr-307-3(DLC)
                                          :
OCTAVIO FRIAS,                            :        MEMORANDUM
                                          :       OPINION AND
                       Defendant.         :          ORDER
                                          :
----------------------------------------- X
```

DENISE COTE, District Judge:

On May 1, 2024, defendant Octavio Frias moved for compassionate release under 18 U.S.C. §3582(c)(1)(a). An Opinion of July 30 denied the motion. See United States v. Frias, 01-cr-307-3 (DLC), 24 WL 3607804 (S.D.N.Y. July 30, 2024) (the "July Opinion"). On November 15, the defendant filed a renewed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(a). For the following reasons, the November 15 motion is denied.

The factual and procedural history in this case, as well as the legal standards governing a motion for compassionate release, were set forth in the July Opinion and will not be repeated here. In his November 15 motion for compassionate release, Frias raises many of the same issues that he raised in his May 1 motion. He argues, for example, that he is 70 years old and in declining health, that he is rehabilitated and that a reduction would avoid unwarranted sentencing disparities. Those

arguments were rejected in the July Opinion and need not be further considered.  See 2024 WL 3607804, at *3-4.  In addition to those arguments, Frias now asserts that Amendments 814 and 826 to the Sentencing Guidelines support a reduction in his sentence.  Neither amendment authorizes a resentencing for Frias.  Nor does either amendment alter the Court's decision, as reflected in the July Opinion.

I.   Amendment 814

Amendment 814 to the Sentencing Guidelines went into effect on November 1, 2023.  Among other changes, Amendment 814 describes certain extraordinary circumstances that may justify early release, including a change in the law where a defendant received an unusually long sentence.  It explains that "a change in law (other than an amendment to the Guidelines Manual that has not been made retroactive)" provides a basis to find that extraordinary and compelling circumstances justify early release, so long as the defendant received an "unusually long sentence" and the change in law "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."  U.S.S.G. § 1B1.13(b)(6).

Frias fails to qualify for early release under this amendment.  Frias was sentenced to life in prison for

premeditated murder. He has not shown that this was an unusually long sentence for this offense. Nor has he identified any change in law that produced a gross disparity between the sentence he is serving and a sentence for this offense that would likely be imposed today. Instead, he argues that sentences for murder convictions have generally decreased in length since he was sentenced. But even if this is so, it is a change in practice, not in law.

II. Amendment 826

Frias also argues that Amendment 826 to the Sentencing Guidelines weighs in favor of resentencing. Amendment 826 went into effect on November 1, 2024. It states that "relevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court, unless such conduct establishes, in whole or in part, the instant offense of conviction." U.S.S.G. § 1B1.3(c). Amendment 826 is not retroactive.

This Amendment does not assist Frias. He was not acquitted on any charge at trial. As Frias acknowledges, his sentencing did not involve acquitted conduct.

## Conclusion

Frias's November 15, 2024 motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) is denied. The Clerk of

Court is directed to mail the defendant a copy of this Opinion at FCI Allenwood and note service on the docket.

Dated:    New York, New York
         December 18, 2024

                                        _____
                                            DENISE COTE
                                        United States District Judge